**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raul Mendez,<br><br>          Plaintiff,<br><br>v.<br><br>United States of America, et al.,<br><br>          Defendants. | No. CV-25-01048-PHX-SMB<br><br>**ORDER** |

The Court now considers Defendant's Motion to Dismiss (Doc. 11). The Motion has been fully briefed. For the following reasons, the Court **grants** Defendant's Motion. The Court will give Plaintiff leave to amend the Complaint.

**I.    BACKGROUND**

Plaintiff sues the United States for the United States Army's alleged failure to properly monitor active-duty solider Jason Hunt "for psychological and mental concerns, which . . . caused a mass shooting to occur." (Doc. 1 at 3 ¶ 8.) The Complaint alleges as follows. In June 2022, "Hunt began displaying his guns publicly on Instagram with disturbing captions pointing to mental health decline and an increasing desire to use his weapons." (*Id.* ¶ 11.) For example, Hunt posted a photo of multiple firearms captioned "Time to clean the toys!! Pew Pew." (*Id.* ¶ 12.) Hunt also posted a photo of a rifle captioned "Just a night of cleaning my 2A, getting ready to celebrate our Independence day!! Who's with me?? ususus." (*Id.* at 4 ¶ 13.) Thus, "Hunt's deteriorating mental health around weaponry was on public display such that it would have been impossible for his

superiors and the USA Army to miss it and unconscionable for them to ignore it." (*Id.* at 5 ¶ 18.).

The Complaint goes on to note that "[t]hese posts are important, because upon information and belief, the USA Army regularly performed psychological evaluations on Mr. Hunt." (*Id.* at 4 ¶ 14.) "It is believed that these evaluations showed that Mr. Hunt had potential mental disabilities that could result in harm to members of the public." (*Id.* ¶ 16.) Additionally, "the USA Army should have known and upon information and belief did know that emergent steps had to be taken to prevent [Hunt] from harming the public." (*Id.* ¶ 15.) Thus, "the USA Army and its members had seen this disturbing behavior, had knowledge of Hunt's declining mental health, and failed to act, intervene, provide services to Hunt, or report his behavior to the Federal Bureau of Investigation." (*Id.* at 5 ¶ 19).

In early July, it alleged that "Hunt shot and killed two people and seriously injured 4 others . . . while at his neighbor's family gathering." (*Id.* at 3 ¶ 9.) Plaintiff was among those injured. (*Id.* at 5 ¶ 24.) Thereafter, Plaintiff filed a claim with "USA Army locations in Surprise, Arizona, and to Fort Huachuca in Sierra Vista, Arizona." (*Id.* ¶ 20.) "The USA Army acknowledged the receipt of the claim" but "denied the claim and issued a denial letter. (*Id.* ¶¶ 21–22.) Plaintiff then brought the present lawsuit.

Plaintiff brings claims of negligence and negligent hiring training and supervision under the Federal Tort Claims Act ("FTCA"). (*Id.* at 6.) Plaintiff alleges that the "USA Army has a duty to protect the public from harm resulting from the actions of its servicemembers." (*Id.* ¶ 31.) Plaintiff claims that the United States breached this duty by: "failing to supervise Hunt as an active duty servicemember"; "failing to address the mental health concerns of Hunt"; and "failing to report to the FBI that Hunt was deteriorating mentally and was displaying a propensity of violence and behavioral pattern of idolatry of weaponry with statements posted publicly that he was going to party with his weapons." (*Id.* at 6–7 ¶¶ 32–34.)

The United States' moves to dismiss these claims pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6).

## II.   LEGAL STANDARD

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). This notice exists if the pleader sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plausibility does not equal "probability," but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility . . . .'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In ruling on a Rule 12(b)(6) motion to dismiss, the well-pleaded factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). A court ordinarily may not consider evidence outside the pleadings when ruling on a Rule 12(b)(6) motion to dismiss. *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider

materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

Under Rule 12(b)(1), a complaint may be dismissed for lack of subject matter jurisdiction. "A Rule 12(b)(1) jurisdictional attack may be facial or factual. In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted). The government brings a facial attack here based on sovereign immunity and on the discretionary function exception ("DFE") to the FTCA.

### III. DISCUSSION

The United States "can be sued only to the extent that it has waived its immunity" from suit. *United States v. Orleans*, 425 U.S. 807, 814 (1976). "The FTCA waives sovereign immunity for tort claims arising out of negligent conduct of government employees acting within the scope of their employment." *Evans v. United States*, 598 F. Supp. 3d 907, 915 (E.D. Cal. 2022) (citing *Terbush v. United States*, 516 F.3d 1125, 1128 (9th Cir. 2008)). The FTCA creates a cause of action against the United States "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The Complaint fails under the FTCA because it: (1) fails to adequately plead a claim of negligence or negligent supervision; and (2) asserts a negligent supervision claim that is otherwise barred under the DFE. The Court addresses these deficiencies in turn.

#### A. Private Person Analogue Requirement

Before the Court addresses the Complaint's deficiencies, it briefly addresses the FTCA's private person analogue requirement. Under the FTCA, recovery in tort is only allowed "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. Although "the federal government could never be

exactly like a private actor, a court's job in applying the standard is to find the most reasonable analogy." *Dugard v. United States*, 835 F.3d 915, 919 (9th Cir. 2016) (citation modified). For the purposes of this Order, the Court analogizes the United States to an employer and Hunt to an employee. "Arizona law recognizes a tort for negligent supervision, hiring, or training that [applies] to a private person." *Charley v. United States*, 437 F. Supp. 3d 745, 750 (D. Ariz. 2020). Additionally, Arizona recognizes that an employer may be liable under a negligence theory for injuries inflicted by an off-duty employee. *See Wertheim v. Pima County*, 122 P.3d 1, 4 (Ariz. Ct. App. 2005).

**B. Negligence**

The Complaint fails to adequately allege a negligence claim. "The basic elements of actionable negligence are a duty owed to the plaintiff, a breach thereof and an injury proximately caused by the breach." *Ballesteros v. State*, 780 P.2d 458, 460 (Ariz. Ct. App. 1989). Plaintiff fails to allege that he was owed a duty.

The Complaint alleges that "[t]he USA Army has a duty to protect the public from harm resulting from the actions of its servicemembers." (Doc. 1 at 6 ¶ 31.) First, this is a legal conclusion that the Court need not accept as true. *Pareto*, 139 F.3d at 699. Second, Plaintiff fails to cite authority supporting this allegation.

In fact, Arizona law provides that Plaintiff was not owed a duty under the alleged circumstances. Generally, an employer only owes a duty to a person injured by the conduct of its off-duty employee where either: (A) "a special relation exists between the defendant and the third person which imposes a duty upon the defendant to control the third person's conduct"; or (B) "a special relation exists between the defendant and the plaintiff which gives to the plaintiff a right of protection." *Wertheim*, 122 P.3d at 3–4 (citation modified). Plaintiff fails to cite any authority establishing that either requirement is met where an off-duty employee inflicts injury at a private residence. Indeed, under Arizona law, "an employment relationship imposes a duty on the employer to exercise reasonable care to control his servant while acting outside the scope of his employment *only when* the employee is on the employer's premises or using the employer's chattel." *Id.* at 4 (citation

modified) (emphasis added).  Neither situation is present here.

Thus, the Court will dismiss Plaintiff's negligence claim without prejudice.

### C. Negligent Supervision and the Discretionary Function Exception

Plaintiff also fails to allege a negligence hiring, training, and supervision claim. Plaintiff does not allege any facts related to Hunt's hiring or training.  Thus, the claim only involves the Army's alleged negligent supervision of Hunt.  However, Plaintiff fails to cite any Arizona authority establishing that an employer is liable for negligent supervision under the alleged circumstances.

"For an employer to be held liable for negligent supervision under Arizona law, a plaintiff must demonstrate (1) that the employer knew or should have known that the employee was not competent to perform the assigned task and (2) that the employer's failure to supervise the employee caused the plaintiff's injury." *Charley*, 437 F. Supp. 3d at 750.  To start, Arizona law limits negligent supervision claims to instances where an employee is performing a task on the employer's behalf, which is not alleged here.  *See Rice v. Brakel*, 310 P.3d 16, 21 (Ariz. Ct. App. 2013) (noting that an employer is not liable for negligent supervision where its "agent's actions are actually hostile to the interests of his employer"); *see also Kassman v. Busfield Enters, Inc.*, 639 P.2d 353, 356 (Ariz. Ct. App. 1981) (noting that negligent supervision is implicated where an employer is "*conducting an activity* through servants" and is negligent in the supervision of that activity (emphasis added) (quoting Restatement (Second) of Agency § 213 (A.L.I 1958)).

This point aside, the Complaint does not plausibly allege that the United States knew or should have known that Hunt was going to commit acts of violence.  Plaintiff alleges that the United States was on notice that Hunt was going to commit an act of violence based on social media posts "with disturbing captions." (Doc. 1 at 3 ¶ 11.)  Even viewed in the light most favorable to Plaintiff, the cited social media posts do not indicate that Hunt planned to harm the public.  At bottom, the Complaint identifies two posts, both of which pertain to Hunt cleaning his firearms.  These posts do not plausibly suggest that at the time of their posting Hunt planned on engaging in any violent activity.  The Complaint does not

- 6 -

identify any other concrete example of Hunt's declining mental health.

Additionally, Plaintiff's negligent supervision claim fails under the DFE. Under this exception, the United States "does not waive immunity for tort claims if the alleged tortfeasor was performing a discretionary function or duty when he or she injured the plaintiff. This is true even if the employee abused that discretion." *Lam v. United States*, 979 F.3d 665, 672 (9th Cir. 2020) (citing 28 U.S.C. § 2680(a)). The DFE applies if a two-part test is satisfied: "(1) the challenged conduct must be discretionary—that is, it must involve an element of judgment or choice; and (2) that judgment must be of the kind that the discretionary function exception was designed to shield." *Kelly v. United States*, 241 F.3d 755, 760 (9th Cir. 2001) (citation modified). "[C]ase law is clear that negligent hiring, supervision, or retention decisions 'fall squarely within the discretionary function exception.'" *Boules v. Doe 4*, No. 2:23-CV-08891-CBM-PVC, 2025 WL 2074489, at *3 (C.D. Cal. June 16, 2025) (quoting *Nurse v. United States*, 226 F.3d 996, 1001 (9th Cir. 2000)).

Plaintiff, in his Response, argues that the DFE does not apply because Army regulations "requires referral of mentally or emotionally unfit soldiers for medical review and separation, and . . . prohibits mentally unstable personnel from possessing or accessing firearms." (Doc. 23 at 18.) Plaintiff cites to "Army Regulation 40-501" and Army Regulation 190-11." Plaintiff's argument fails on three grounds. First, a "general regulation or policy . . . does not remove discretion unless it specifically prescribes a course of conduct." *Kelly*, 241 F.3d at 761. Second, neither regulation is identified in the Complaint. Third, and as noted, the Complaint does not plausibly allege that the United States was on notice that Hunt was mentally unstable.

The Court will dismiss Plaintiff's negligent supervision claim without prejudice.

### D. *Sheridan v. United States*

The Court briefly addresses Plaintiff's reliance on *Sheridan v. United States*, 487 U.S. 392 (1988). Plaintiff contends that this case establishes "that the negligence of U.S. service personnel in allowing a foreseeable violent act to be committed by an off-duty

soldier may furnish a basis for U.S. liability to the victim." (Doc. 18 at 5.) While Plaintiff may be correct, *Sheridan* does not compel a certain outcome here. At bottom, *Sheridan* helped define the scope of the intentional tort exception to the FTCA. *See* 487 U.S. at 394. Defendants do not invoke this exception here. Additionally, *Sheridan* assumed that liability otherwise existed under Maryland law. *Id.* at 401. Here, the primary question is whether Plaintiff established a basis for liability under Arizona law in the first instance. *Sheridan* does not bear on that question or otherwise upset this Court's conclusion that the Complaint fails to establish a viable theory for tort liability under Arizona law.

## IV.  CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED dismissing** the Complaint without prejudice (Doc. 1).

**IT IS FURTHER ORDERED granting** Plaintiff leave to amend the Complaint. Genesis may file a First Amended Complaint within thirty (30) days of the date of this Order.

Dated this 20th day of February, 2026.

8

_____
Honorable Susan M. Brnovich
United States District Judge