Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiff*

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014-2555
480.999.4556

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Raul Mendez, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>Does 1-5; The United States of America,<br><br>Defendants. | Case No.: CV-25-01048-PHX-SMB<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO SET ASIDE DEFAULT**<br><br>(Assigned to the Honorable Susan M. Brnovich) |

Plaintiff Raul Mendez respectfully responds in opposition to the United States' Motion to Set Aside Default (ECF No. 33) (the "Motion"). The Motion should be denied. As the party seeking relief from its own default, the United States, not Plaintiff, bears the burden of establishing good cause under Rule 55(c) of the Federal Rules of Civil Procedure. The Motion inverts that burden, applies the culpability standard reserved for unrepresented laypersons rather than the standard the Ninth Circuit applies to legally sophisticated, counseled litigants, and makes no showing whatsoever of a meritorious defense to the First Amended Complaint. In the alternative, if the Court is inclined to grant relief, Plaintiff requests that such relief be conditioned as set forth in Section III(E), as the Ninth Circuit expressly permits.

## I.  BACKGROUND

This is a Federal Tort Claims Act action. After the Court dismissed the original Complaint with leave to amend, ECF No. 24, Plaintiff timely filed his First Amended Complaint, ECF No. 25 (the "FAC"). The parties thereafter filed a joint stipulation, drafted and filed by the United States, ECF No. 33 at 2, addressing certain U.S. Army and medical records that, in the government's own words, "could potentially weigh on the merits of the government's sovereign immunity arguments," ECF No. 29. The Court granted the stipulation and ordered the United States to file its responsive pleading to the FAC by June 3, 2026. ECF No. 30.

June 3, 2026 came and went. The United States filed nothing: no responsive pleading, no motion, no request for an extension, and no communication with the Court. That silence persisted for more than two weeks, and it was this Court, not the government, that first acted, issuing its Order to Show Cause on June 18, 2026. ECF No. 31. That same day, Plaintiff applied to the Clerk for entry of default under Rule 55(a). ECF No. 32. Only then, six days later, did the United States appear with the present Motion, attributing its default to a "calendaring mishap," counsel's out-of-state travel, and a staffing reassignment. ECF No. 33 at 2. Notably, those factual assertions are presented in an unsworn memorandum; the Motion is supported by no declaration or other evidence.

On June 24, 2026, following the filing of the Motion, default was duly entered against the United States.  ECF No. 34.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

2

## II.    LEGAL STANDARD

When a party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk *must* enter the party's default." Fed. R. Civ. P. 55(a) (emphasis added). The court "may set aside an entry of default for good cause," Fed. R. Civ. P. 55(c), which is assessed under three factors: "(1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice" the other party, *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (quoting *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004)). As "these factors are disjunctive," the Court is "free to deny the motion 'if *any* of the three factors was true.'" *Franchise Holding II*, 375 F.3d at 926 (emphasis added) (quoting *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000)). Critically, the movant "b[ears] the burden of showing that any of these factors favor[s] setting aside the default." *See id.* (citing *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001)).

## III.    ARGUMENT

### A.    The Motion inverts the burden of proof.

The Motion is built on the premise that the default must be set aside because "Plaintiff cannot prove" that the government's failure to answer was willful. ECF No. 33 at 1. That is not the law. It is the United States, as the party seeking relief from its default, that must demonstrate good cause; Plaintiff bears no burden to prove culpability or anything else. *See Franchise Holding II*, 375 F.3d at 926; *TCI Grp.*, 244 F.3d at 697.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

Because the Motion rests on a misallocated burden and offers no evidentiary support (not even a declaration from counsel attesting to the claimed calendaring failure), it fails at the threshold.

**B.**  **The United States, a legally sophisticated and counseled litigant, engaged in culpable conduct.**

The government invokes *TCI Group*'s statement that culpable conduct requires an "intentional" failure to answer. ECF No. 33 at 1, 3. But the Ninth Circuit has been explicit that *TCI Group*'s solicitous, bad-faith-focused standard exists to protect "those whose actions leading to the default were taken without the benefit of legal representation." *See Mesle*, 615 F.3d at 1089. For legally sophisticated parties, a *different* rule applies: "If a defendant 'has received actual or constructive notice of the filing of the action and failed to answer,' *its conduct is culpable.*" *Franchise Holding II*, 375 F.3d at 926 (emphasis added) (quoting *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 690 (9th Cir. 1988)). Importantly – as *Mesle* explained, "[w]hen considering a legally sophisticated party's culpability in a default, an understanding of the consequences of its actions may be *assumed*, *and with it*, *intentionality*." 615 F.3d at 1093 (emphasis added).

The United States, appearing through the United States Attorney's Office, is the paradigm of a legally sophisticated, counseled litigant. And its notice here could not have been more actual: the government itself negotiated, drafted, and filed the stipulation that produced its June 3 deadline, *see* ECF No. 29, and the Court's order setting that deadline, ECF No. 30, was served on government counsel through the District's electronic filing system. What followed the expiration of that deadline was fifteen days of complete inaction (no answer, no motion, no extension request, no status report) until this Court itself was

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

forced to issue an Order to Show Cause. ECF No. 31. A missed deadline of counsel's own making, in a case counsel was actively litigating, was "squarely within [the movant's] control." *See Franchise Holding II*, 375 F.3d at 927. Internal calendaring lapses, travel, and staffing turnover within an institutional law office of the United States Department of Justice do not negate culpability under the standard applicable to sophisticated parties; if they did, no counseled default could ever stand.  Here, because the United States received actual notice of the filing of the FAC, negotiated its own extended deadline as ordered by the Court, yet nevertheless "failed to answer,' *its conduct is culpable*," period. *See Franchise Holding II*, 375 F.3d at 926 (emphasis added).

### C. <u>The Motion makes no showing of a meritorious defense to the First Amended Complaint.</u>

Independently, the Motion fails because "[a] party in default [ ] is *required* to make some showing of a meritorious defense as a *prerequisite* to vacating an entry of default." *Haw. Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986) (emphasis added) (first citing *Medunic v. Lederer*, 533 F.2d 891, 893 (3d Cir.1976); and then citing C. Wright, A. Miller, & M. Kane, Federal Practice & Procedure Sec. 2697 (1983)). Additionally, a "'mere general denial without facts to support it' is not enough to justify vacating a default . . . ." *Franchise Holding II*, 375 F.3d at 926 (quoting *Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir. 1969)).

The Motion offers nothing on this factor. It gestures at the government's earlier motion to dismiss, but that motion was directed at a complaint that no longer exists. The Court granted Plaintiff leave to amend, and the sufficiency of the FAC has never been tested. Indeed, the government's own stipulation concedes that records not yet exchanged

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

potentially weigh on the merits of its immunity arguments to the FAC. *See* ECF No. 29. Having acknowledged that its discretionary-function defense to the FAC is an open question dependent on records Plaintiff has not seen, the government cannot simultaneously claim that its superseded briefing establishes a meritorious defense. The Motion identifies no specific facts constituting a defense to the FAC, and on this record the good cause showing fails for that reason alone.

### D.    Rule 55(d) does not excuse the government's default.

The government leans heavily on Rule 55(d), arguing that a default judgment against the United States may enter "only if the claimant establishes a claim or right to relief by evidence that satisfies the court." ECF No. 33 at 3. Plaintiff does not dispute that standard, but it governs entry of default *judgment*, not the Clerk's entry of default under Rule 55(a), which is mandatory once the failure to plead "is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Plaintiff's Request, ECF No. 32, seeks only entry of default. If and when Plaintiff applies for default judgment, he will bear, and is prepared to meet, Rule 55(d)'s evidentiary standard. The authorities the government collects (*George*, an unpublished memorandum disposition, along with out-of-circuit district court decisions in *Worrell*, *Sun*, and *Zulli*) all address default judgments. None holds that the United States is exempt from entry of default, and none supplies the "good cause" that Rule 55(c) requires the movant to establish.

### E.    In the alternative, any relief should be conditioned.

If the Court is nonetheless inclined to grant the Motion, the Ninth Circuit has held "that it is appropriate to condition setting aside a default upon the payment of a sanction"

so that the "prejudice suffered by the non-defaulting party as a result of the default and the subsequent reopening of the litigation can be rectified." *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec*, 854 F.2d 1538, 1546-47 (9th Cir. 1988). Plaintiff respectfully requests that any order setting aside the default (or denying entry of default) be conditioned on: (1) the United States filing its responsive pleading to the FAC within seven (7) days of the Court's order; (2) the United States reimbursing Plaintiff's reasonable attorneys' fees and costs incurred in connection with the Request for Entry of Default (ECF No. 32) and this Response; and (3) no further extensions of the government's responsive-pleading deadline absent extraordinary circumstances shown by sworn declaration.

## IV.    **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the Motion and decline to vacate the entry of default against the United States. In the alternative, Plaintiff requests that any relief granted to the United States be conditioned as set forth in Section III(E) above.

**RESPECTFULLY SUBMITTED** this 8th day of July 2026.

**MILLS + WOODS LAW, PLLC**

By    */s/ Sean A. Woods*
     Robert T. Mills
     Sean A. Woods
     5055 North 12th Street, Suite 101
     Phoenix, AZ 85014
     *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2026, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Neil Singh
neil.singh@usdoj.gov
casey.edwards@usdoj.gov
CaseView.ECF@usdoj.gov
**UNITED STATES ATTORNEY**
**DISTRICT OF ARIZONA**
Two Renaissance Square
40 N Central Ave., Ste. 1800
Phoenix, AZ 85004-4449
(602) 514-7500
*Attorneys for Defendant United States*


_/s/ Ben Dangerfield_

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

8