TIMOTHY COURCHAINE
United States Attorney
District of Arizona
NEIL SINGH
Assistant United States Attorney
Arizona State Bar No. 021327
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4449
Telephone: (602) 514-7500
neil.singh@usdoj.gov
*Attorneys for Defendant United States*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Raul Mendez,<br><br>    Plaintiff,<br><br>  v.<br><br>United States of America,<br><br>    Defendant. | No. 2:25-cv-01048-SMB<br><br>**REPLY IN SUPPORT OF<br>MOTION TO VACATE DEFAULT** |

Defendant replies as follows in support of its Motion to Vacate Default (Doc. 33), to which Plaintiff has responded (Doc. 35).

**MEMORANDUM OF POINTS AND AUTHORITIES**

The government notes at the outset that Plaintiff chooses to simply not rebut the precedents stating that the government cannot be defaulted, under federal law. This reflects the point of law that, absent truly extraordinary circumstances that obviously are not present here, the government cannot be. *See* Doc. 33 at 3 ("entry of a default judgment against the United States is simply not permitted under federal law."); *George v. Internal Revenue Serv.*, 344 F.App'x 309, 311 (9th Cir. 2009) ("mere failure to answer a complaint within the statutory deadline is not a sufficient ground for entry of default judgment against the government"); *Worrell v. U.S. Parole Com'n*, 2008 WL 4137680 (N.D. W. Va. 2008); *Sun v. United States*, 342 F.Supp. 2d 1120, 1124 (N.D. Ga. 2004) (noting that the standard when seeking a default

against the United States is "more restrictive than the typical standard for default"); *United States v. Zulli*, 418 F. Supp. 252, 253 (E.D. Pa. 1975) (denying motion for default judgment against the United States). Plaintiff has evidently located no precedents that permitted a default against the federal government. A party that fails to argue an issue has abandoned and waived it. *Freedom From Religion Foundation, Inc. v. Chino Valley Unified School District Board*, 896 F.3d 1132, 1152 (9th Cir. 2018). The Ninth Circuit's reasoning in *George*, 344 F.App'x at 311, is contained in an unpublished decision, certainly, but Plaintiff fails to even argue that *George*'s conclusion is wrong and why. Instead, Plaintiff supplies the Court with his awkward proposition that the above precedents apply only to default judgments, not to an entry of default, and that Plaintiff "will bear, and is prepared to meet, Rule 55(d)'s evidentiary standard…" Doc. 35 at 6.

This position is untenable. The time for Plaintiff to "bear" the burden and "prepare[] to meet" it was in his response brief, now. A party seeking default judgment must first overcome a motion to set aside the clerk's entry of default under Rule 55(c). The Rule 55(c) standard— "good cause"—is deliberately flexible, and courts regularly find good cause to set aside a default where, as here, the United States has actively participated in the litigation and has taken good faith steps to move the case forward. The government's burden of merely showing good cause under Rule 55(c) is easy to meet, and the government meets that burden where it has been actively litigating this action. Plaintiff also evidently agrees—because he fails to rebut— that the government proactively offered to deliver to his counsel pre-discovery records to allow the Court to more efficiently adjudicate the complex sovereign immunity issues of a Federal Tort Claims Act claim. Absurdly, Plaintiff asks the Court to somehow find that the government acted in bad faith where the uncontested facts show only good faith conduct.

Further demonstrating Plaintiff's willingness to waste this Court's time, his counsel argues that "no further extensions" should be granted to the government should the Court set aside the default, without disclosing to the Court (in Plaintiff's *July 8* brief) that the government had committed to a *July 1* responsive pleading. *See* Exhibit 1 (Email Thread, Emphasis Added). It is purely a result of Plaintiff's own choosing that the time for the

government's response to Plaintiff's amended complaint will now be delayed substantially. The government had informed him that it could respond by July 1, 2026. Today's date is July 15, 2026, and Plaintiff must now wait for a ruling from the Court, plus whatever amount of time the Court allows for the government to meet the new deadline to respond.[1]

Similarly, Plaintiff argues that he is entitled to an order "reimbursing" him for "reasonable attorneys' fees and costs" incurred in connection for filing his legally baseless and meritless default application. Doc. 35 at 7. Plaintiff cites no rule of civil procedure or federal statute to support this claim. Nor does he explain the logic for such a position, given that he created the very delay that he now claims has created the prejudice from which he suffers.

Plaintiff ignored federal law at his own peril, which views defaults as disfavored, and views defaults against the federal government as both disfavored and impossible if premised solely on a missed deadline. *Sun*, 342 F. Supp. 2d at 1124 ("When the government's default is due to a failure to plead or otherwise defend, the court typically either will refuse to enter a default or, if a default is entered, it will be set aside.") (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil* § 2702 (3d ed.1998), and citing *Mason v. Lister,* 562 F.2d 343, 345 (5th Cir.1977); *Simmons v. United States Parole Comm'n,* 590 F.Supp. 1221, 1222 (D.D.C.1984); *Ross v. United States,* 574 F.Supp. 536, 538 (S.D.N.Y.1983); *United States v. Zulli,* 418 F. Supp. 252, 253 (E.D.Penn.1975)).

For the reasons stated, the government requests that the Court vacate the entry of default and permit the government to file a responsive pleading at least one week after July 24, 2026.

---

[1] Undersigned counsel will be out of the country from July 16 to July 24, 2026. Thus, the government requests any such deadline be set at least seven days after July 24, 2026.

- 3 -

Respectfully submitted on July 15, 2026.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

s/*Neil Singh*
NEIL SINGH
Assistant United States Attorney
*Attorneys for Defendant United States*